IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEFON DUPREE JOHNSON, JR.,        )
                                    )
           Petitioner,              )
                                    )
     v.                             )     Case No. 1:24-cv-296-SPB-RAL
                                    )
PA PAROLE BOARD, *et al.*,          )
                                    )
           Respondents.             )

## MEMORANDUM ORDER
## REGARDING OBJECTIONS AT ECF NO. [16]

Petitioner Stefon Dupree Johnson, Jr. ("Johnson") commenced this civil action on October 24, 2024, seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. The case has been referred to Chief U.S. Magistrate Judge Richard A. Lanzillo for a Report and Recommendation, in accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1) and Local Civil Rule 72.

Upon Johnson's payment of the requisite $5.00 fee, his petition was filed at ECF No. [3]. On November 21, 2024, Judge Lanzillo entered an order directing the U.S. Marshal to "make service of this Order, together with a copy of the Petition [ECF No. 3], upon the Respondents: (1) the Superintendent of SCI-Forest; and (2) the Pennsylvania Parole Board." ECF No. 4. Service was to be made by certified mail. *Id.* The Order further stated that, "within twenty-one (21) days of service of this Order, the Pennsylvania Parole Board shall file the Answer on behalf of all Respondents." *Id.*

There is no indication on the docket as to when service packets were actually mailed by the U.S. Marshal, but Johnson nevertheless filed a motion for default judgment on January 10, 2025. ECF No. 6. Three weeks later, on January 31, 2025, the Respondents answered the

1

petition. ECF No. 9. Judge Lanzillo then denied Johnson's motion for a default judgment on February 4, 2025, noting that the PA Parole Board had filed a timely response to the petition. ECF No. 11.

Pending before the Court are Johnson's objections to Judge Lanzillo's February 4, 2025 order denying his request for entry of a default judgment. ECF No. 16. In his objections, Johnson asserts that Respondents were served with the Service Order "on or by November 26, 2024." ECF No. 16 at 1-2. Accordingly, Johnson calculates that Respondents' answer was due no later than December 21, 2024. *Id.* at 2. Because Respondents did not file their answer until January 31, 2025, Johnson concludes that the answer is untimely and asks that it be "dismissed." *Id.*

Though styled as "objections," Johnson's filing is in the nature of an appeal from the Chief Magistrate Judge's non-dispositive Order. Pursuant to 28 U.S.C. §636(b)(1)(A), a magistrate judge may hear and determine most non-dispositive pretrial matters. A district judge may reconsider these determinations on appeal if the decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

Here, the Court perceives no basis for disturbing Judge Lanzillo's ruling. Despite Johnson's assertion that Respondents were served with the petition and Service Order by November 26, 2024, there is no indication of such on the docket. *See* Fed. R. Civ. P. 4(l)(1) (requiring proof of service on the docket, except where service is waived). In fact, there is no indication at all as to when the U.S. Marshal Service mailed the service packet in this case. Thus, no formal response deadline had been entered on the docket at the time Johnson moved for a default judgment. In view of these circumstances, Judge Lanzillo did not clearly err or act contrary to law in denying Johnson's motion and determining that Respondents had filed a

timely answer. Indeed, without some type of proof that service of the petition had been made upon the Respondents, it would have been error for Judge Lanzillo to enter default judgment which, in any case, is a disfavored remedy. *See Bolden v. Se. Pennsylvania Transp. Auth.,* 953 F.2d 807, 812 (3d Cir. 1991) ("As a threshold matter, when a default judgment is requested, a court is required to ensure that there are no jurisdictional defects."); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (noting that entry of a default judgment is "left primarily to the discretion of the district court" but that the remedy is "not favored" and "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits'")). Accordingly,

IT IS HEREBY ORDERED, this 25th day of July, 2025, that Plaintiff's objections, ECF No. [16], are OVERRULED, his appeal is DENIED, and the Order entered by Chief Magistrate Judge Richard A. Lanzillo on February 4, 2025, ECF No. [11], is AFFIRMED.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge